IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SRECO-FLEXIBLE, INC,<br><br>    Plaintiff,<br><br>vs.<br><br>SEWER EQUIPMENT CO. OF AMERICA,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING SRECO-FLEXIBLE'S MOTION TO AMEND JUDGMENT AND GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL ATTORNEYS FEES<br><br><br><br>Case No. 2:84-CV-814 TS |

    This matter is before the Court on Defendant Sewer Equipment Company of America's Motion to Amend Judgment under Fed. R. Civ. P. 52(b) and 59(e).

    Sewer Equipment Company seeks to amend the September 19, 2005 Judgment in favor of Plaintiff SRECO-Flexible, Inc. (SRECO) and against Sewer Equipment Company for damages in the amount of $383,094.61, plus attorney fees and costs. Sewer Equipment Company seeks to amend the amount of the damages award to reflect a shorter period of damages. It seeks to have the period end on May 31, 2003, instead of the November 7, 2003 date that the Court found was the appropriate end of the damages

1

period for the "conscious and risky" business decision to violate this Court's May 14, 1986 Permanent Injunction.[1]

The purpose of a motion to alter or amend a judgment under Rule 59(a) "is to correct manifest errors of law or to present newly discovered evidence."[2] It is not appropriate to use a Rule 59(a) Motion to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

The Court finds that the issue of the appropriate damages period is an issue already addressed by the parties and decided by the Court. Sewer Equipment Company is merely seeking to revisit that ruling to refine the arguments it raised before the Court ruled. Sewer Equipment Company has not shown an error of fact or law and therefore, the Court will deny its Motion.

In its opposition, SRECO'S seeks an additional award of $500 in attorney's fees for fees incurred in responding to this Motion.[4] In support, SRECO submits that the amount sought is the result of two hours of time by attorneys at the hourly rates that this Court has previously awarded. Sewer Equipment Company does not dispute the hours expended

---

[1] *See* Docket No. 98 September 16, 2005 Memorandum Decision and Contempt Order and Award of Attorneys Fees and Costs (Contempt Order), at 3-5.

[2] *Comm. for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992) (quotation omitted).

[3] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *See* Docket No. 102, Sreco-Flexible's Opposition to Defendant's Motion to Amend Judgment, at 5 and n.1.

or the hourly rate.  Instead, it merely argues that its Motion is proper and should not subject it to further action by the Court.[5]

The Court has previously set forth the standard for the award of attorney fees[6] and need not repeat it here.  Having previously found that an award of attorney fees was appropriate in this contempt proceeding, the Court finds the award of fees should include the fees required to respond to the present Motion, which is merely a continuation of Sewer Equipment Company's arguments on the contempt damages. In view of the simplicity of the requested amount and the fact that Sewer Equipment disputes neither the hourly rate nor the hours spent, the Court finds that a formal affidavit is not required to support the requested fees.   The Court finds that two hours was a reasonable number of hours to have spent in responding to the Motion and that the hourly rate charged is reasonable.  The Court will grant SRECO's request for an additional $500 in attorney fees.   It is therefore

ORDERED that Defendant Sewer Equipment Company of America's Motion to Amend Judgment under Fed. R. Civ. P. 52(b) and 59(e) (Docket No. 100) is DENIED.  It is further

ORDERED that Plaintiff SRECO's request for additional attorney fees is GRANTED.  It is further

---

[5]*See* Docket No. 103 Reply Memorandum in Support of Defendant's Motion to Amend Judgment at 2.

[6]Contempt Order, at 7-10.

ORDERED that Defendant Sewer Equipment Company shall pay Plaintiff SRECO an additional $500 in attorney fees.

DATED  November 7, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge