IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| SEWER RODDING EQUIPMENT COMPANY, INC., <br><br> Plaintiff, <br> v. <br><br> SEWER EQUIPMENT COMPANY OF AMERICA, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE 5/14/1986 INJUNCTION <br><br> Case No. 2:84-cv-00814-TS <br><br> Judge Ted Stewart |

This matter comes before the Court on Defendant Sewer Equipment Company of America's Motion to Modify the 5/14/1986 Injunction.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

This case was originally filed on September 14, 1984. Plaintiff alleged that Defendant Sewer Equipment Company of America's ("Sewer Equipment Co.") use of the term "SECA" infringed on Plaintiff's registered "SRECO" trademark. Thereafter, the parties entered into a stipulated settlement and a permanent injunction was issued on May 14, 1986, which in part enjoined Sewer Equipment Co. from using the acronym "SECA."

Sewer Equipment Co. now seeks an order modifying the permanent injunction for two reasons: (1) Plaintiff is no longer in business and (2) the "SRECO" and "SRECO Flexible" trademarks at issue have been cancelled by the United States Patent and Trademark Office

---

[1] Docket No. 123.

("USPTO"). After Defendant filed this Motion, counsel for Plaintiff filed a Motion to Withdraw as Counsel.[2] Counsel asserted that it did not have current contact information for Plaintiff and no longer represented the company. The Court granted the Motion and ordered Plaintiff to obtain counsel and file a Notice of Appearance within twenty-one days of the Order. The Court sent notice of the Order to all addresses provided by Plaintiff's counsel. The twenty-one day deadline has now passed and Plaintiff has not filed anything or otherwise responded to the Court's Order. Two of the five notices sent to Plaintiff have been returned as undeliverable.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 60(b), "a court may relieve a party . . . from a final judgment, order, or proceeding," if "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." A motion for relief under Rule 60(b) "must be made within a reasonable time."[3]

Because Plaintiff is no longer in business and the trademarks have been cancelled, the Court finds that it is no longer equitable for the permanent injunction to prohibit Defendant's use of the term "SECA." After reviewing Defendant's Motion, the declarations, and the exhibits, the Court finds that the Motion was made within a reasonable time after Defendant conducted the appropriate due diligence to confirm the status of Plaintiff's business and trademarks. The Court will therefore grant the Motion and modify the injunction to no longer prohibit Sewer Equipment Co. from using the term "SECA" in connection with its business.

---

[2] Docket No. 128.
[3] Fed. R. Civ. P. 60(c).

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Modify the 5/14/1986 Injunction (Docket No. 123) is GRANTED.

DATED  December 3, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge